Abraham N. G-eller, J.
Upon the foregoing papers this motion for a temporary injunction, despite defendant’s default on the return day thereof, must be denied for the reason that service of the order to show cause on the Secretary of State cannot be accepted as proper service on defendant corporation for the purpose of the drastic relief herein requested. Although “ process ” may be served on the Secretary of State as designated agent of a domestic corporation, so that service of the summons herein upon the Secretary of State was undeniably proper, there seems to be no authority for serving in such manner orders to show cause when they do not commence a special proceeding. Section 883 of the Civil Practice Act provides that service of an injunction order upon a corporation may be made in the manner provided for making personal service of a summons upon a corporation. But that provision cannot apply to the preliminary order to show cause which, in this case, does not even contain a stay. Moreover, when process is served on the Secretary of State, the corporation obtains a 10-day extension of time to answer to allow for transmittal of the papers (Civ. Prac. Act, § 228, subd. 9). Here the motion was returnable two days after service. Service on the Secretary of State inevitably meant a default. It would be highly inequitable to grant on such a default a temporary injunction equivalent to the final relief obtainable. Plaintiff may apply ex parte for an extension of the appropriate dates in the order to show cause.